UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: | |
| JULIUS O. OBOMA,<br>     Debtor | Chapter 13<br>Case No. 19-30067 (AMN) |
| JULIUS O. OBOMA,<br>     Movant<br>v.<br><br>TOWN OF HADDAM, TAX COLLECTOR,<br>TOWN OF HADDAM, SEWER DIVISION,<br>TOWN OF HADDAM, WATER DIVISION,<br>UNITED BANK,<br>M&T BANK,<br>STATE OF CONNECTICUT, DEPARTMENT<br>OF ECONOMIC & COMMUNITY<br>DEVELOPMENT,<br>     Respondents | RE: ECF Nos. 24 and 33 |

**RULING DETERMINING THAT A CHAPTER 13 DEBTOR MAY
OBTAIN RELIEF PURSUANT TO 11 U.S.C. § 506 NOTWITHSTANDING
THE DEBTOR'S INELIGIBILITY FOR A DISCHARGE UNDER CHAPTER 13**

Before the Court is the debtor Julius Oboma's ("Debtor") Motion to Determine the Secured Status of Liens in a Chapter 13 (the "Motion")(ECF No. 24) pursuant to 11 U.S.C. § 506(a) and (d), and the State of Connecticut Department of Economic and Community Development's ("DECD") objection to the Motion (ECF No. 33).  For purposes of the Motion and the Debtor's pending but-as-of-yet unconfirmed Chapter 13 Plan, the uncontested value of the Debtor's real property known as 127 Silverspring Drive, Haddam, Connecticut (the "Property") is less than the

total outstanding balance owed on liens and mortgages that have superior priority to the DECD's third position mortgage (the "DECD Mortgage").

The Debtor received a Chapter 7 discharge on August 1, 2018, in Case No. 18-30715, leaving the DECD with an *in rem* claim against the Property but no *in personam* claim against the Debtor.  Four months later, on January 14, 2019, the Debtor commenced this Chapter 13 case.

The Debtor now seeks a determination that the DECD Mortgage is wholly unsecured and has a value of $0.00 for purposes of the Debtor's Chapter 13 Plan.  During a hearing held on July 18, 2019, Debtor's counsel clarified that while the Motion requests an order that the DECD mortgage "be avoided in its entirety and shall not affix nor be enforceable against the Debtor's interest in the [P]roperty and shall be deemed as unsecured in full," the Debtor in fact seeks an order determining that the value of the DECD secured claim is $0 and that upon completion of the Debtor's Chapter 13 Plan (should it be confirmed), the DECD lien or mortgage would have no legal effect and would be unenforceable.  *See* ECF No. 24, ¶ 6.  In other words, upon the completion of a confirmed Chapter 13 Plan, the DECD Mortgage would have no further effect because it could not be enforced *in rem* against the Property, and the *in personam* liability based on the underlying note was already discharged in the Debtor's Chapter 7 case.

The State objected to the Motion on the basis that the Debtor's ineligibility for a Chapter 13 discharge prevents any attempt to avoid or otherwise strip or eliminate the State's mortgage against the Property relying primarily on a 2011 decision by Hon. Albert S. Dabrowski (U.S.B.J., ret.) and §1325(a)(5)(B)(i)(I).  *See Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *In re Sadowski*, 473 B.R. 12, 17 (Bankr. D. Conn 2011).  The Debtor now seeks an order overruling the State's objection based on the reasoning adopted by two United States District Judges (Hon. Janet C. Hall, and Hon. Stefan R. Underhill) articulated in decisions issued in 2013 and 2016, respectively.  *Rogers v. E. Sav. bank (In re Rogers)*, 489 B.R. 327 (D. Conn. 2013)(*dicta*); *Curwen v. Whiton*, 557 B.R. 39 (D. Conn. 2016).

In *Curwen*, Judge Underhill expressly rejected *Sadowski*'s conclusion that a so-called "Chapter 20" case (a Chapter 7 case followed by a Chapter 13 case) does not permit a debtor to take advantage of relief pursuant to 11 U.S.C. § 506.  He held that, "the Bankruptcy Code, as amended by the BAPCPA, does not create a *per se* bar to the confirmation of a 'Chapter 20' plan that contemplates stripping wholly-unsecured junior liens during the period that a debtor is ineligible for discharge." *Curwen,* 557 B.R. at 46; *see also* 4 Collier on Bankruptcy ¶ 506.06 (16th 2019)("Courts have also allowed lien stripping in a 'chapter 20' case, when a chapter 13 petition is filed shortly following the grant of a discharge in a chapter 7 case, generally

on the basis that no provision of the Bankruptcy Code prevents a chapter 20 debtor from stripping the lien even though the debtor, in consummating a chapter 13 plan, might not be entitled to a discharge in the chapter 13 case").

While a district court's opinion may not be binding on a bankruptcy court within the same district[1], I find the reasoning set forth in *Curwen* and *Rogers* to be persuasive, particularly as articulated at pages 42 through 46 of the *Curwen* opinion. Because it appears based on the record here that the Debtor's Chapter 13 case has a legitimate reorganization purpose – namely to cure approximately $52,000 of home mortgage arrears – and that the proposed treatment of the DECD's Mortgage is not prohibited under the reasoning articulated in the *Curwen* decision, the case will proceed to the confirmation stage.

FOR THESE REASONS, it is hereby

ORDERED: That, the State's Objection to the Motion, ECF No. 33, is OVERRULED.[2]

Dated on July 19, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

---

[1] The State argued that the opinion of a district judge was not binding precedent for a bankruptcy court.

[2] It is my practice to grant motions pursuant to 11 U.S.C. § 506 upon the confirmation of a Chapter 13 plan and the Clerk will make a docket entry that the Motion will be considered at the time of confirmation. The State's objection to the Motion, and to the Plan to the extent it is premised on the same arguments, is overruled.